Erwin G. HANSEN, Appellant,

v.

Herbert BROWNELL, Jr., Attorney General of the United States of America and Successor to the Alien Property Custodian, Appellee.

No. 12954.

United States Court of Appeals District of Columbia Circuit.

Argued April 20, 1956.

Decided May 10, 1956.

Mr. Isadore G. Alk, Washington, D. C., with whom Mr. James H. Heller, Washington, D. C., was on the brief, for appellant.

Mr. George B. Searls, Atty., Dept. of Justice, with whom Mr. Irwin A. Seibel, Atty., Dept. of Justice, was on the brief, for appellee.

Mr. Dean B. Lewis, Washington, D. C., filed a brief on behalf of Laura Irene de Courten, Nikolaus, Candida and Selina Rommel, as amici curiae, urging reversal.

Before PRETTYMAN, WILBUR K. MILLER, and FAHY, Circuit Judges.

FAHY, Circuit Judge.

Appellant, Hansen, sued in the District Court pursuant to section 9(a) of the Trading with the Enemy Act [1] to recover certain property which had been vested as enemy owned under the authority of said Act, Executive Order 9193, as amended, 3 C.F.R. 1174, Cum. Supp.1942, and Executive Order 9788, 3 C.F.R. 169, Supp.1946, 50 U.S.C.A.Appendix, § 6 note. After trial the District Court, Judge McGuire sitting, made findings of fact and conclusions of law, on the basis of which the court entered judgment dismissing the complaint. This appeal followed. The District Judge set forth his reasons in a memorandum opinion, Hansen v. Brownell, D.C., 132 F.Supp. 47. As shown by his findings of fact and opinion he concluded that the property did not belong to Hansen. Assuming, however, that he was the owner, the court found that he was an enemy within the meaning of section 2 of the Act, notwithstanding that when the vesting occurred, June 26, 1951,[2] he was physically absent from Germany, living in Paris, regarded by the French Government as a British subject, and carried a British passport. As pointed out by Judge McGuire, Hansen had resided in Germany from July, 1939, until some time in April, 1948, this period including of course the years of actual hostilities, and had taken an active part in the furtherance of the German war effort by propaganda work, utilizing his mastery of the English language.[3]

It is the latter factual situation upon which our own decision turns. Assuming, *arguendo*, that the property was owned by Hansen, and that the fact that he resided in France on June 26, 1951, precluded classifying him an enemy under section 2(a) of the Act on the basis of residence in an enemy country, nevertheless his propaganda employment and activities for Germany during the war made him an enemy under section 2(b) as an agent of a government with which the United States was at war. Cessation of his employment and agency activities prior to the vesting order did not render section 2(b) inapplicable. We hold that a person who becomes an enemy agent during the war is an enemy within the meaning of the Act until the end of the war, though the conduct which brought about the agency relationship ceases before the vesting of such person's property. Sarthou v. Clark, D.C.S.D.Cal., 78 F.Supp. 139. There is nothing in the language of the Act which militates against this construction, and to hold otherwise would be inconsistent with the purposes and intent of the Act to reach assets of one who has acted for the enemy, and to make them available to assist in meeting the costs of war. See Propper v. Clark, 337 U.S. 472, 484, 69 S.Ct. 1333, 93 L.Ed. 1480. Hansen was an agent of the German Government until the end of

---

1. 40 Stat. 411 (1917), as amended, 50 U.S.C.A.Appendix, § 1 et seq.

2. On June 26, 1951, the United States was still at war with Germany, though hostilities had long since ceased. The state of war did not end until October 19, 1951, when Congress by joint resolution declared that it no longer existed. 65 Stat. 451, 50 U.S.C.A.Appendix note preceding section 1.

3. He became an employee of the Rundfunk, which was the German Government's radio monopoly under the Ministry of Propaganda and the Foreign Office.

the war insofar as the vesting powers of the Act are concerned, and this enemy character also disqualified him to sue under section 9. We add that we agree with the findings of Judge McGuire that the employment of Hansen by the enemy was not involuntary on his part in any sense affecting this litigation.

Affirmed.